UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **08-22664-CIV-MARTINEZ-BROWN**

REASSURE AMERICA LIFE INSURANCE
COMPANY F/K/A VALLEY FORGE LIFE
INSURANCE COMPANY,

  Plaintiff,

vs.

DAMIAN SHOMERS A/K/A DAVID
SHOMERS, et al.,

  Defendants.
_____/

## ORDER GRANTING MOTION TO INTERVENE AND RESETTING CASE FOR TRIAL

THIS CAUSE came before the Court upon the Federal Trade Commission's Second Motion to Intervene **(D.E. No. 56)**. The Federal Trade Commission ("FTC") renewed their March 30, 2009, motion to intervene, which was denied as moot pursuant to a notice of settlement by the parties. The FTC, however, has asserted that the notice of settlement does not reflect a true settlement between the parties, but rather a contingent agreement intended to prevent the FTC from recovering the funds in question pursuant to a potential judgment against Defendant Miriam Andreoni.

### I. Factual and Procedural Background

Plaintiff Reassure America Life Insurance Company initiated this interpleader action so that the Court could determine the rightful beneficiary of a $2,000,000 life insurance policy ("Policy") on the life of Anthony Rocco Andreoni, who died on March 20, 2008. Plaintiff has

identified three potential beneficiaries: (1) Damian Shomers, a business partner of the deceased,[1] who was named as the beneficiary when the Policy was issued in 1990; (2) Miriam Andreoni, the deceased's widow, who was named as the sole and primary beneficiary in a change of beneficiary form dated August 2007; and (3) the Anthony Andreoni Irrevocable Trust ("Trust"), whose co-trustees are the parents of Miriam Andreoni, Nadia and Peter Smolyanski, and whose beneficiary is Miriam Andreoni's child. The Trust's claim derives from change of owner and beneficiary forms dated December 2007. There are significant disputes of fact between the Defendants regarding the validity of the change of owner and change of beneficiary forms. Specifically, Mr. Shomers admits that he signed a change of beneficiary form naming Miriam Andreoni as the beneficiary in August 2007, but he claims he did so under fraud or duress. He flatly denies signing over ownership of the Policy to the Trust in December 2007. Thus, according to Mr. Shomer's version of the facts, the Trust's subsequent assignment of itself as beneficiary is void.

On June 9, 2009, the Court entered an Agreed Order permitting the Plaintiff to deposit the proceeds of the Policy into the Court Registry and providing that the Plaintiff would thereafter be dismissed from this case, leaving the Defendants – Mr. Shomers, Miriam Andreoni, and the Trust – to litigate the validity of the beneficiary designations. Miriam Andreoni has filed a joint answer and cross-claim with the co-trustees of the Trust, her parents, asserting that the Trust is the lawful and rightful beneficiary under the Policy. In a separate suit, *FTC v. American Entertainment Distributors*, 04-22431-CV-JEM ("FTC v. AED"), the FTC is seeking to recover over $19,000,000 from Miriam Andreoni and the estate of the deceased. The FTC asserts that

---

[1] Mr. Shomers was so named by the Plaintiff. Defendants have asserted that Mr. Shomers was also the deceased's brother.

the proceeds of the Policy represent the largest asset potentially available to Miriam Andreoni to pay a judgment in the FTC v. AED case. The FTC asserts that Miriam Andreoni's concession that she has no right to the proceeds of the policy and her assertion that the Trust is, in fact, the proper beneficiary were made in order to thwart the FTC's ability to recover the proceeds of the life insurance policy from her.

Defendants filed a notice that they had reached a settlement in mediation on July 2, 2009. This purported settlement provides that it is conditioned upon the approval of the Circuit Court in and for Broward County, Florida, which is the Probate Court handling the estate of Anthony R. Andreoni, and upon this Court unfreezing the assets of DSG Holding Corp. Inc. ("DSG"), a company owned by the late Mr. Andreoni and Defendant Shomers with assets that were frozen in the FTC v. AED litigation. The settlement further provides that if the probate court and this Court approve the settlement[2] and this Court unfreezes the assets in the FTC v. AED case, a portion of the life insurance proceeds will go to the Trust and a portion will go to Mr. Shomers and DSG, for Mr. Shomers to use in purchasing the shares of the late Mr. Andreoni.

Upon receiving notice that a settlement had been reached, before being apprised of its particulars, the Court entered an Order on Notice of Settlement, in which the Court denied all pending motions as moot. (D.E. No. 53). This Order inadvertently also served to deny the FTC's first motion to intervene, which was filed on March 30, 2009, as moot. Consequently, the FTC filed this, their second motion to intervene. Upon consideration, the Court concludes that the

---

[2] There is no indication before the Court that the probate court has approved this settlement to date. Indeed, the FTC asserts that the probate court has determined that the estate's personal representative who agreed to the settlement, namely Miriam Andreoni, has a conflict of interest. The FTC asserts that the probate court intends to appoint a administrator *ad litem.*

parties' purported settlement does not render the FTC's motion to intervene moot.

## II. Analysis

Rule 24 of the Federal Rules of Civil Procedure provides that the Court must permit someone to intervene who brings a timely motion and who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24. In the Eleventh Circuit, the burden is on a prospective intervenor to establish 1) that the application to intervene is timely; 2) that the intervenor has an interest relating to the property or transaction that is the subject of the action; 3) that the intervenor is situated so disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and 4) that the intervenor's interest is not adequately represented by the existing parties to the suit. *Purcell v. BankAtlantic Financial Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996).

Four factors determine whether a motion to intervene is timely filed: 1) the length of time during which the intervenor knew or reasonably should have known of its interest in the action before it moved to intervene; 2) the extent of the prejudice suffered by existing parties as a result of the intervenor's failure to move as soon as it knew or reasonably should have known of its interest; 3) the extent of the prejudice suffered by the intervenor if the motion to intervene is denied; and 4) the existence of any unusual circumstance militating for or against a determination that the motion to intervene was timely filed. *United States v. Jefferson County*, 720 F.2d 1511, 1516 (11th Cir. 1983). In the instant case, the FTC knew or should have known of its interest in the action when Miriam Andreoni filed her pleading conceding her interest in the insurance

proceeds to the Trust managed by her parents for the benefit of her child. *See* (D.E. No. 10). The FTC filed its first motion to intervene a little over three months later. *See* (D.E. No. 37). There is no evidence of prejudice suffered by the existing parties as a result of that three month delay. As it is clear that Miriam Andreoni will not argue that she is entitled to the insurance proceeds, it is clear that absent intervention by the FTC, those proceeds will not be available to pay any judgment in the FTC v. AED litigation. Therefore, the Court finds that the motion to intervene was timely.

The FTC asserts that it has an interest in the property that is the subject of that litigation because, to the extent that Miriam Andreoni is the rightful beneficiary of the life insurance proceeds, her concession that the proceeds belong to the Trust amounts to a fraudulent transfer under the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3301-08. Miriam Andreoni is a debtor under the FDCPA, in that she is "a person who is liable for a debt or against whom there is a claim for a debt." 28 U.S.C. § 3002(4). Debts under the FDCPA include restitution amounts owed to the United States, such as those claimed in the FTC v. AED litigation. 28 U.S.C. § 3002(3)(B); *see also FTC v. National Business Consultants, Inc.*, 376 F.3d 317, 319-20 (5th Cir. 2004) (treating a judgment the FTC obtained for consumer redress as a debt under the FDCPA). To the extent Miriam Andreoni has an interest in the insurance proceeds, her release of that interest could be deemed a "transfer" under the FDCPA, because that term is defines as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes . . . release . . . ." 28 U.S.C. § 3301(8). Accordingly, the FTC has an interest in the proceeds of the insurance policy, to the extent they belong to Ms. Andreoni.

The Court further finds that the third factor for intervention has been met, in that the disposition of the insurance proceeds may, as a practical matter, impair the FTC's ability to get them. Although the FTC may proceed in a separate action under the FDCPA, a judgment holding that Miriam Andreoni is not entitled to the proceeds of the insurance policy would impede the FTC's ability to prove otherwise, even if that judgment was obtained as a result of Ms. Andreoni's concessions.

With respect to the last factor, the Court finds that none of the other parties adequately represent the FTC's interests. The FTC's interest in this litigation lies with a finding that Miriam Andreoni is the rightful beneficiary of the insurance proceeds. Ironically, it does not appear to be in Miriam Andreoni's interest for her to be found a beneficiary. Instead, it is in her interest if those proceeds go to the Trust controlled by her parents, so that they cannot be turned over as assets in the FTC v. AED litigation. It is certainly not in Mr. Shomers's interest for Miriam Andreoni to be found to be the beneficiary.[3] Accordingly, the Court concludes that the FTC may intervene in this action under Federal Rule of Civil Procedure 24.

Finally, considering the fact that the parties' "stipulation of dismissal" is conditional on this Court lifting a preliminary injunction and asset freeze entered in a different case and on an

---

[3] The Court notes that Defendants assert the FTC's position is illogical. They argue that in order for the FTC to prove that Miriam Andreoni is the beneficiary, the FTC must prove that Mr. Shomers is lying about being coerced into naming her as a beneficiary but is telling the truth when he claims that he never signed ownership of the life insurance policy over to the Trust. The Court sees nothing illogical or even inconsistent about the FTC's position. If, as he claims, Mr. Shomers did not sign over ownership of the life insurance policy to the Trust, truthfully stating that fact would be to his advantage. On the other hand, if he voluntarily changed the beneficiary to become Miriam Andreoni, truthfully stating that fact would disadvantage him. Therefore, the FTC may take the position that Mr. Shomers is telling the truth in part of his pleading and not doing so in another part of his pleading without being contradictory.

order by the state probate court, the Court will reset this matter for trial in the interests of reaching a final resolution in this case. Thus, after careful consideration, it is hereby:

**ORDERED AND ADJUDGED** that

1. The Federal Trade Commission's Second Motion to Intervene **(D.E. No. 56)** is **GRANTED**.

2. Trial is rescheduled to commence during the two-week period starting **Monday, October 25, 2010**, with calendar call commencing on **Thursday, October 21, 2010 at 1:30 p.m.**

3. All remaining pretrial deadlines set forth in Court's Order Setting Civil Trial Date and Pretrial Schedule, Requiring Mediation, and Referring Certain Motions to Magistrate Judge ("Pretrial Order") shall be recalculated from this new trial date.

DONE AND ORDERED in Chambers at Miami, Florida, this 23 day of March, 2010.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record